UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JANE DOE (B.S.), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-cv-1046 |
| | § | |
| SALESFORCE, INC.; | § | |
| BACKPAGE.COM, LLC, AND | § | |
| CARL FERRER, | § | |
| | | |
| Defendants. | | |

## SALESFORCE, INC.'s NOTICE OF REMOVAL

Pursuant to Sections 1332, 1441, and 1446 of Title 28 of the United States Code, Defendant Salesforce, Inc. ("Salesforce") by its undersigned attorneys, submits this Notice of Removal from the 44th District Court of Dallas County, Texas, in which the above-captioned action is now pending, to the United States District Court for the Northern District of Texas. This case is properly removable because complete diversity of citizenship exists, the amount in controversy exceeds $75,000, and plaintiff has not properly served Backpage.com, LLC or Carl Ferrer, the only forum-state defendants. In support of said Notice, Salesforce states as follows:[1]

### I.  NATURE OF THE ACTION

1.  Plaintiff Jane Doe B.S. ("Plaintiff") commenced this action by the filing of an original petition against Salesforce, Backpage.com, LLC ("Backpage"), and Carl Ferrer in the 44th

---

[1] By removing this action to federal court, Salesforce does not concede that personal jurisdiction exists and reserves all rights to contest personal jurisdiction.

District Court of Dallas County, Texas on May 1, 2023. The action was docketed in that court as Cause No. 23-05865.

## II.     PARTIES

2. The Petition names Salesforce, Backpage, and former Backpage officer Carl Ferrer as defendants. Petition ¶¶ 26–32.

3. Plaintiff is an individual who alleges that she resides in Taylorsville, Utah. Petition ¶ 26. Accordingly, Plaintiff is a citizen of Utah.

4. As the Petition alleges, Salesforce is a "foreign corporation," Petition ¶ 28, incorporated in Delaware and having its principal place of business in California.

5. Backpage is not currently doing business in Texas. It ceased operating in Texas in April 2018 when U.S. law enforcement seized the company's operations. Backpage now has no operations, no assets, and no employees. It has also lost its right to continue as a business, in both Delaware and in Texas. By virtue of proceedings commenced by the Delaware Attorney General, the Delaware Court of Chancery entered an order cancelling Backpage's certificate of formation. The cancellation of Backpage's certificate of formation is final, and will automatically become effective upon the conclusion of certain identified criminal proceedings involving Backpage and its executives. Further, Backpage is no longer registered to do business in Texas. Plaintiff's allegation that Backpage is "registered to do business and doing business in Texas" is thus false. Petition ¶ 30.

6. Even if the citizenship of Backpage were considered, it would be a citizen of Texas. Backpage was an LLC, and "the citizenship of a[n] LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Likewise, for diversity purposes, the citizenship of a limited partnership is determined by the citizenship of its members. *Id*. Backpage is wholly owned by IC Holdings, LLC. *See generally* Notice of

Removal at ¶¶ 47-60, *Doe v. Medalist Holdings, L.L.C.*, No. 5:17-CV-01264-MWF-FFM (C.D. Cal. June 23, 2017).  IC Holdings, LLC is a Delaware limited liability company, wholly owned by Dartmoor Holdings, LLC.  Dartmoor Holdings, LLC is a Delaware limited liability company, wholly owned by Atlantische Bedrijven C.V.  Atlantische Bedrijven C.V. is a Dutch limited partnership.  Atlantische Bedrijven C.V. is owned by Kickapoo River Investments, LLC and Lupine Investments LLC.  Kickapoo River Investments, LLC and Lupine Investments LLC are Delaware limited liability companies, each of which is wholly owned by Amstel River Holdings, LLC.  Amstel River Holdings, LLC is a Delaware limited liability company, wholly owned by the Vicky Ferrer Family Trust.

7. The trustee of the Vicky Ferrer Family Trust is Carl Ferrer, a resident and citizen of Texas, so the Vicky Ferrer Family Trust is a citizen of Texas.  *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009) (citizenship of a trust is that of its trustee).

8. Accordingly, Backpage is a citizen of Texas because it is ultimately owned or controlled by a citizen of Texas, the Vicky Ferrer Family Trust.  *See Navarro Savings Association v. Lee*, 446 U.S. 458 (1980).

9. Former Backpage officer Carl Ferrer is a citizen of Texas.

### III. PLAINTIFF'S CLAIMS

10. The Petition alleges that Backpage participated in a sex-trafficking venture within the meaning of Chapter 98 of the Texas Civil Practice and Remedies Code by allowing its website, backpage.com, to be used by traffickers to traffic victims, and that the Plaintiff was among the victims of such trafficking.

11. Plaintiff's theory against Salesforce is that it sold a subscription to its online customer relationship management ("CRM") software—software used by hundreds of thousands of businesses, governments, and other entities—to an affiliate of Backpage, and that Backpage

used the software to engage in various customer relationship activities that expanded its business profile. Plaintiff alleges that Salesforce's provision of this business software for Backpage's use constituted participation in a venture within the meaning of Chapter 98, and that Salesforce should be liable because it provided its CRM software to the Backpage affiliate and Backpage allegedly used the software to grow its business.

### IV.    BASIS FOR REMOVAL

12. Plaintiff's action is removable based on the presence of federal diversity jurisdiction. Section 1441(a) authorizes removal of cases over which federal courts have original jurisdiction—including diversity jurisdiction under § 1332(a). Diversity of citizenship exists where the parties in interest are citizens of different States and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Where these requirements are met, the Court has subject matter jurisdiction under section 1332(a).

13. Diversity jurisdiction is present under 28 U.S.C. § 1332(a) because this action is between "citizens of different States" and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."

14. There is complete diversity between the parties. Plaintiff is an individual residing in Utah and is therefore a citizen of Utah. Petition ¶ 26. Defendant Salesforce is a Delaware corporation with its principal place of business in California, and thus is a citizen of Delaware and California pursuant to 28 U.S.C. § 1332(c)(1). As explained above, Backpage and Ferrer are both citizens of Texas.

15. The amount in controversy exceeds $75,000, as Plaintiff seeks over $1,000,000 in damages, as well as exemplary damages. Petition ¶¶ 25, 171.

16. Removal on diversity grounds is appropriate unless "any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought."

28 U.S.C. § 1441(b)(2) (emphasis added). This requirement, known as the forum-defendant rule, is procedural, not jurisdictional. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392 (5th Cir. 2009).

17. The fact that the Backpage Defendants are citizens of Texas does not prohibit removal under the forum-defendant rule because neither Backpage nor Carl Ferrer was "properly joined and served" in this suit. 28 U.S.C. § 1441(b)(2).

18. As the language of § 1441(b)(2) suggests, and as the Fifth Circuit has held, a defendant may remove a case to federal court if complete diversity exists and it files a notice of removal before the plaintiff has properly served any in-state defendant—a process colloquially known as "snap removal." *In re Levy*, 52 F.4th 244, 248 (5th Cir. 2022); *Tex. Brine Co., LLC v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020); *see also Breitweiser v. Chesapeake Energy Corp.*, 2015 WL 6322625, at *2 (N.D. Tex. Oct. 20, 2015) (Boyle, J.).

## V.  SALESFORCE HAS COMPLIED WITH REMOVAL PROCEDURES

19. The Northern District of Texas, Dallas Division, is the proper place to file this Notice of Removal because it is the district court embracing the place where the state court action was filed and is pending. 28 U.S.C. § 1441(a).

20. The removal of this action is timely under 28 U.S.C. § 1446(b). Salesforce filed this Notice of Removal within thirty (30) days of the filing of the Petition within the meaning of 28 U.S.C. § 1446(b). Plaintiff has not yet properly served Salesforce, Backpage, or Carl Ferrer. Snap removal is thus appropriate because Salesforce filed this notice before Plaintiff properly served either of the in-state defendants.

21. For purposes of removal, "service" means formal service of process. In a landmark removal decision, the Supreme Court interpreted section 1446—which provides the procedural requirements for removal under section 1441—to require formal service of process, "not [] mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe*

*Stringing*, Inc., 526 U.S. 344, 348 (1999); *City of Clarksdale v. BellSouth Telecoms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) (removal clock "commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels." (citing *Murphy Bros., Inc.*, 526 U.S. at 348)); *see also Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 150 (3d Cir. 2018) (permitting snap removal where defendant agreed to service via email and received a copy of the complaint, but filed a notice of removal "prior to formal acceptance" of service); *Baker v. Bell Textron, Inc.*, No. 3:20-CV-292-X, 2021 WL 1377372, at *2 (N.D. Tex. Apr. 12, 2021) (Starr, J.) (snap removal allows defendants to remove a case on diversity grounds "after a plaintiff files in state court but before the plaintiff *formally serves* the defendant" (emphasis added)).

22. Federal courts look to state law to determine what constitutes formal service of process. *See, e.g.*, *City of Clarksdale*, 428 F.3d at 210 ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law." (citing *Murphy Bros.*, 526 U.S. at 352-53)).  "By its text, [] Section 1441(b)(2) is inapplicable until a home-state defendant has been *served in accordance with state law*; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." *Gibbons v. Bristol-Meyers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) (emphasis added); *see also Armstrong v. Sw. Airlines Co.*, 2021 WL 4219706, at *2 (N.D. Tex. Sept. 15, 2021) (in the context of snap removal, "the question [of] whether the plaintiff has properly served the defendant is determined by reference to the applicable state law"); *Thevenet v. Deutsche Bank Nat'l Tr. Co.*, No. 3:17-CV-1832-D, 2017 WL 4475880, at *2 (N.D. Tex. Oct. 6, 2017) (same).

23. Under Texas law, formal service generally requires the plaintiff to deliver the citation and petition to the defendant in person or by certified mail, unless the court directs otherwise. Tex. R. Civ. P. 106. A defendant may waive service by entering an appearance, Tex. R. Civ. P. 120, or by filing an answer, Tex. R. Civ. P. 121. Otherwise, service is waived only if the defendant issues "a written memorandum signed by him, or by his duly authorized agent or attorney, after suit is brought, sworn to before a proper officer other than an attorney in the case, and filed among the papers of the cause." Tex. R. Civ. P. 119.

24. Every method of service or waiver permitted under Texas law requires that a record of such service or waiver be entered on the court docket—notifying all parties of the date of service for a defendant. That formal requirement has practical purpose, given the significance of the date of service to other procedural deadlines. And both federal and state courts strictly enforce these service requirements. *See, e.g.*, *Baxter v. Hastings*, 2022 WL 2306825, at *2 (N.D. Tex. June 27, 2022) (Fitzwater, J.) (neither service of petition nor counsel's oral agreement to accept service satisfied Texas requirements for service or waiver); *Travieso v. Travieso*, 649 S.W.2d 818, 820 (Tex. App.—San Antonio 1983, no writ) (requirements of Rule 119 are "clearly mandatory").

25. Plaintiff has not formally served Backpage or Ferrer in this case, and the state court docket reflects that neither defendant has entered an appearance or filed an answer.

26. It is Salesforce's understanding that Plaintiff may have attempted to serve Ferrer by email to his counsel pursuant to a prior agreement, and that Ferrer's counsel acknowledged receipt of that email on Ferrer's behalf. But under the plain terms of Texas procedural rules, that waiver was wholly ineffective and does not prevent removal here. Ferrer never signed a written, notarized memorandum accepting informal service, much less filed such an agreement. Courts in this district have held that providing a defendant with a copy of a petition, even with consent, does

not constitute formal service under Texas law for purposes of the federal removal statutes. *See, e.g.*, *Baxter*, 2022 WL 2306825, at *2; *see also Fortis Constr., LLC v. Avalos*, 2023 WL 2154937, at *6 (E.D. Tex. Feb. 9, 2023) ("[E]mailing a defendant's counsel [the petition] is not one of the prescribed methods of serving on the defendant."), *report and recommendation adopted*, 2023 WL 2143598 (E.D. Tex. Feb. 21, 2023). And merely obtaining an agreement from Ferrer's counsel to accept informal service via email does not satisfy Rule 119's specific requirements for waiver. *Baxter*, 2022 WL 2306825, at *2 (rejecting argument that counsel's "agreement to accept service satisfies the requirements to accept or waive service under Texas law"). Further, Plaintiff cannot serve Backpage through Ferrer, as he is no longer an officer of the defunct organization.

27. Because the parties in interest are completely diverse and Plaintiff has not properly served the in-state defendants, removal is proper.

28. Pursuant to 28 U.S.C. § 1446(a) and this Court's Local Rule 81.1, attached hereto as **Exhibit A** is a completed civil cover sheet. Attached hereto as **Exhibit B** is a supplemental civil cover sheet. Attached hereto as **Exhibit C** is an index of all documents that identifies each document and the date it was filed in state court. Attached hereto as **Exhibit D** is a copy of the docket sheet in the state court action. Attached hereto as **Exhibit E** is a copy of each document filed in the state court action, except discovery material. Attached hereto as **Exhibit F** is a separately signed certificate of interested persons that complies with Local Rule 3.1(c) or 3.2(e). Attached hereto as **Exhibit G** is a notice of related cases.

29. Salesforce will provide written notice of the filing of this Notice of Removal to Plaintiff, Backpage, and Carl Ferrer, and will file a copy of this Notice in the appropriate state court, as required by 28 U.S.C. § 1446(d).

30. By filing this Notice of Removal, Salesforce does not waive any defenses that may be available to it.

WHEREFORE, Defendant Salesforce respectfully gives notice that the above-captioned action brought against it in the 44th District Court of Dallas County, Texas, is hereby removed therefrom to proceed in this Court.

DATED:  May 10, 2023                              Respectfully submitted,

*/s/    John T. Cox III*
Veronica Moyé (Tex. Bar No. 24000092)
John T. Cox III (Tex. Bar No. 24003722)
Andrew LeGrand (Tex. Bar No. 24070132)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: 214.698.3100
Email:  VMoye@gibsondunn.com
            TCox@gibsondunn.com
            ALeGrand@gibsondunn.com

Kristin A. Linsley
(*Pro hac vice motion forthcoming*)
KLinsley@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
Telephone: 415.393.8395

Attorneys for Defendant Salesforce, Inc.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on counsel of record pursuant to the Federal Rules of Civil Procedure.

>  */s/     John T. Cox III*
> John T. Cox III
> Attorney for Defendant Salesforce, Inc.